UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **David Terry,**<br>　　　　　　　　　　　　　　　　**Plaintiff,**<br><br>　　　　　　　　-vs-<br><br>**City of Rochester, New York; David Moore, Chief, Rochester Police Department; John Does one through ten, who are unknown officers of the Rochester Police Department, individually and in their official capacity,**<br>　　　　　　　　　　　　　　　　**Defendants.** | Dkt: 2010 Cv<br><br>Complaint<br><br>PLAINTIFF DEMANDS A JURY TRIAL |

　　　　Plaintiff complaining of defendants by their attorneys, Bressler & Kunze, allege the following on information and belief:

### Introduction; Parties

　　　　1.　　This is an action for damages and other appropriate relief pursuant to 42 USC 1983 and 1988 for violation of plaintiff's civil rights under color of state law, as well as certain related violations of plaintiff's rights under the laws of the State of New York

　　　　2.　　Plaintiff is, and at all relevant times, was a resident of Rochester, New York, and a citizen of the United States.

　　　　4.　　Defendant City of Rochester, is a municipality organized under the laws of the State of New York, which maintains a police force commonly referred to as the "Rochester Police Department" hereafter "RPD."

　　　　5.　　David Moore is presently the Chief of the Rochester Police Department.

　　　　6.　　Defendants John Does one through ten are each officers of the Rochester Police Department, and were acting in that capacity at all relevant times.

### Jurisdiction and Venue

　　　　3.　　This Court has jurisdiction pursuant to 28 USC 1331 and 1343, as well as pendant claims under New York State law.  Venue in this district is proper because all defendants reside

or work in the district and the acts complained of all took place within this district.

## Factual Background

7. On or about July 31, 2009, Defendants Doe one through ten were each employed by the City of Rochester as police officers.

8. On or about July 31, 2009, at approximately 5 p.m. Plaintiff heard that his daughter was involved in a motor vehicle accident in the City of Rochester.

9. Plaintiff went to the scene of the accident and attempted to find his daughter and determine her condition.

10. The area was roped off with yellow tape as if it were a crime scene and several presently unknown police officers, including all defendants were there in some official capacity.

11. Plaintiff passed into the roped off area without disturbing the tape in an attempt to find his daughter or get additional information.

12. Several officers approached Plaintiff and he attempted to explain that his daughter was involved in the accident and he wanted to determine her condition.

13. At that moment, while plaintiff was peaceably walking forward, another unidentified officer ran up to him and struck him in the face with a closed fist and wrestled him to the ground, and then struck him again; while he was on the ground, two other officers kicked him repeatedly causing physical injuries, some of which may be permanent, fractures, injuries and pain and suffering.

14. The assault by the officers were unprovoked and there was no reason or legal basis for the officers to have struck and assaulted Plaintiff.

15. Plaintiff was then arrested, handcuffed, and driven to another location in the City, near the area known's as "Bulls Head" where one of the assaulting officers spoke to other officers of higher rank.

16. Plaintiff was threatened by the officer with being charged with Driving While Intoxicated, although that officer had not seen plaintiff actually drive a car, and had no basis for believing that plaintiff was intoxicated, or even that he had consumed any alcoholic beverages.

17. Plaintiff insisted on a blood alcohol test, which was administered and plaintiff was

not charged with any traffic or alcohol related charge.

18. Plaintiff was nevertheless charged with Obstructing Governmental Administration, second degree (Penal Law §195.05); Resisting Arrest (PL §205.30) and Harassment, second degree (PL §240.26).

19. Plaintiff was taken to jail and booked. Because of the injuries inflicted by the police officers the jail officials transferred plaintiff to the hospital where he was admitted, kept overnight and treated.

20. The next day he was taken from the hospital by police officers, and brought to Rochester City Court where he was arraigned and released. Ultimately, all criminal charges against Plaintiff were dismissed.

**FIRST CAUSE OF ACTION**

21. Plaintiff repeats all prior allegations.

22. The individual police officers, acting under color of state law, without a warrant and without probable cause, falsely detained and arrested Plaintiff.

23. He was therefore deprived of his liberty, forced to spend time in jail, and forced to defend himself in court.

24. As a result, plaintiff was unlawfully deprived of his liberty and of his right to equal protection of the law, suffered mental anguish and his rights under the Fourth, Fifth and Fourteenth Amendments to the U. S. Constitution were violated and he is entitled to damages.

**SECOND CAUSE OF ACTION**

25. Plaintiff repeats all prior allegations.

26. Plaintiff was viciously and without provocation assaulted and beaten by the officers, each acting under color of state law.

27. As a result, plaintiff suffered physical injuries, conscious pain and suffering, mental anguish and required medical care, and was unlawfully deprived of his right to equal protection of the law and his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U. S. Constitution were violated, and plaintiff is entitled to damages.

**THIRD CAUSE OF ACTION**

28. Plaintiff repeats all prior allegations.

29. The City of Rochester and Police Chief David Moore knew or with reasonable diligence, would have known of the continued and repeated illegal conduct of the police and did nothing to prevent or mitigate the assault, false arrest and imprisonment.

30. The Chief and the City acted with deliberate indifference in ignoring the continued illegality, and failed to properly supervise, instruct or correct misbehavior thereby approving or ratifying such illegal and unconstitutional acts.

31. With proper diligence, training and supervision, the Chief and the City could have prevented the injuries and wrongs done to plaintiff, but failed to do so.

32. The injuries to plaintiff were a direct, proximate and predictable result of the failure of the Chief and the City to properly train supervise and discipline the police force.

33. As a result of their failures and deliberate indifference, Plaintiff was injured as specified above and is entitled to damages.

**FOURTH CAUSE OF ACTION**
(common law assault and battery)

34. Plaintiff repeats all prior allegations.

35. Plaintiff was knowingly punched and kicked by the assaulting officers, constituting a battery on plaintiff's person without legal reason or authority causing bodily harm, physical injury, some of which may be permanent, emotional distress and conscious pain and suffering. The officers were then acting in their official capacity, making both the involved officers and the defendant City of Rochester equally liable to plaintiff.

36. As a result, defendant is entitled to damages.

**FIFTH CAUSE OF ACTION**
(common law arrest)

37. Plaintiff repeats all prior allegations.

38. Plaintiff was falsely detained and arrested, against his will and without lawful cause.

He is therefore entitled to damages against the individual officers and defendant City of Rochester.

WHEREFORE, plaintiffs demands a jury trial and judgment as follows:

| | | |
|---|---|---|
| First Cause of Action: | $100,000.00 | plus punitive damages |
| Second Cause of Action: | $100,000.00 | plus punitive damages |
| Third Cause of Action: | $100,000.00 | plus punitive damages |
| Fourth Cause of Action: | $100,000.00 | plus punitive damages |
| Fifth Cause of Action: | $100,000.00 | |

And, on each Cause of Action, costs, fees and reasonable attorneys fees.

October 12, 2010        */s/ Melvin Bressler*
Bressler and Kunze,
Attorneys for Plaintiff
16 West Main St., Suite 310
Rochester, NY 14614
(585) 262-2120