**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DAVID TERRY,

                      Plaintiff,

    v.                                          **DECISION & ORDER**
                                                        10-CV-6579

CITY OF ROCHESTER, et al.,

                      Defendants.

---

### Preliminary Statement

Plaintiff David Terry (hereinafter "Terry" or "plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 against defendants the City of Rochester; Police Chief David Moore in his official and individual capacity; and "John Does" one through ten who are unknown officers of the Rochester Police Department, individually and in their official capacities. See Complaint (Docket # 1). Currently pending before the Court are two motions: (1) plaintiff's motion to amend or correct the complaint to identify and substitute four named officers for John Doe officers sued in the original complaint; and (2) defendants' motion to dismiss for lack of jurisdiction.[1] (Docket ## 38, 40). The Court held a hearing on these motions on November 5, 2015, and the parties submitted further briefing at the request of the Court thereafter. (Docket ## 46, 47).

---

[1] In accordance with the provision of 28 U.S.C. § 636(c), the parties have consented to jurisdiction by a magistrate judge. (Docket # 7).

1

## Relevant Facts and Background

<u>Plaintiff's Lawsuit</u>:  This lawsuit stems from an incident that occurred on July 31, 2009.  Plaintiff Terry alleges that at approximately 5:00 p.m. he heard that his daughter had been involved in a car accident.  Complaint (Docket #1) at ¶ 8.  Upon arriving at the scene of the accident, Terry discovered the area roped off with yellow tape.  <u>Id.</u> at ¶ 9-10.  Passing under the tape, Terry was approached by several Rochester Police Department officers.  Terry informed the police that his daughter was involved in the accident and then continued walking towards the accident.  <u>Id.</u> at ¶ 11-13.

According to plaintiff, as he continued towards the scene, an unidentified officer ran up to him, struck him in the face with a closed fist, wrestled him to the ground, and then hit him again.  While plaintiff was on the ground, he claims two other officers kicked him repeatedly.  <u>Id.</u> at ¶ 13.  Terry was handcuffed, arrested, and driven to a location known as "Bulls Head."  <u>Id.</u> at ¶ 15.  There, the police officers administered a blood alcohol test, but Terry was not charged with any traffic or alcohol related charges.  <u>Id.</u> at ¶ 17.  He was, however, charged with (1) obstructing governmental administration in violation of New York Penal Law section 195.05; (2) harassment in the second degree in violation of New York Penal Law section

240.26; and (3) resisting arrest in violation of New York Penal Law section 205.30. Id. at ¶ 18.

After being transported to jail for processing, Terry was transferred to the hospital where he was kept overnight. Id. at ¶ 19. The following day, Terry appeared in Rochester City Court and was eventually released on bail. Terry asserts that all the criminal charges filed against him were ultimately dismissed. Id. at ¶ 20.

On October 13, 2010, Terry commenced this action in federal court asserting a cause of action for excessive force and false arrest under 42 U.S.C. §§ 1983 and 1988. Terry sued ten individual, unnamed officers, and asserted a Monell claim against the City of Rochester, the Rochester Police Department, and Police Chief David Moore. Complaint (Docket #1). On October 25, 2010, the City of Rochester answered the complaint on behalf of all the defendants. Assistant Corporation Counsel Spencer Ash, Esq. entered his appearance on the docket. See Answer (Docket # 2).

Over the next several years, the parties engaged in sporadic discovery. Numerous extensions of discovery deadlines were requested by counsel and granted by the Court. Pursuant to a Final Scheduling Order, all motions to join parties or amend pleadings were to be filed no later than April 8, 2013. See Final Scheduling Order (Docket # 24). After settlement

discussions failed, the Court set trial to commence on July 27, 2015. See Pretrial Order (Docket # 34).

On June 24, 2015, pursuant to my Pretrial Conference Order, the City of Rochester filed proposed voir dire questions. The voir dire questions suggested <u>for the first time</u> that there were no properly named defendants in this action. See Proposed Voir Dire (Docket # 36). Concerned that the trial would be a waste of court resources and time, I postponed the trial and, by Order issued on July 24, 2015, directed the parties to file appropriate motions regarding plaintiff's failure to identify the "John Doe" defendants. (Docket # 37). The parties then filed the two motions now before the Court. See Plaintiff's Motion to Amend/Correct Complaint (Docket # 38); Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket # 40).

<u>Hearing Testimony</u>: Because there were factual disputes, the Court held a hearing on November 5, 2015. Testimony at the hearing concerned (1) the policies and procedures utilized by the City of Rochester and its Police Department for accepting service for named and unnamed 'John Doe' police officers and (2) whether plaintiff had served an amended complaint identifying the "John Doe" officers at issue here within the statute of limitations.

The Court heard testimony from Mr. Spencer Ash and Mr. Igor Shukoff. Ash is and Shukoff was employed by the City Law

4

Department, and both of them represented the City in this action at one time or another.

According to both Mr. Shukoff and Mr. Ash, there is no written policy outlining how to serve individual officers or the Police Department. Both Shukoff and Ash testified that the City has a well-known policy that complaints against the Police Department and its officers are to be served directly to the Police Department. Both stated clearly that the City Law Department does <u>not</u> accept service on behalf of the Police Department or individual officers. Despite the policy, Mr. Ash testified that "99.9% of the time" lawyers suing the police attempt to serve the City Law Department instead of the Police Department. Additionally, Mr. Shukoff acknowledged that he has, at times, accepted service on behalf of the Police Department or individual officers from attorneys with whom he was familiar and had a good working relationship. However, Shukoff stated that he has no recollection of accepting service on behalf of police officers in this case, and stated further that he would never have accepted service of an amended complaint where the amendment sought to add as defendants officers previously referred to only as "John Does."

Melvin Bressler, plaintiff's attorney, also "testified" at the hearing. Mr. Bressler asserted that in December 2010 he did "serve" an amended complaint in which he identified four of the

5

"John Doe" officers sued in the original complaint. According to Mr. Bressler, he handed the amended complaint directly to Mr. Shukoff. According to Mr. Bressler, Mr. Shukoff took the amended complaint and said that he would accept it on behalf of the Police Department and the police officers. Mr. Bressler conceded that at the time he "served" Mr. Shukoff, Shukoff was not the attorney assigned to Mr. Terry's case. Mr. Bressler further conceded that no affidavits of service were ever prepared or filed, and the case caption was never altered on the Court's docket identifying the named individual officers.

## Discussion

I. Plaintiff's Motion to Identify "John Does": Plaintiff now seeks to amend the complaint by substituting four "John Doe" officers with the following named defendants: Officer Matthew Drake, Sergeant Jason Elwood, Officer Brian Sheridan, and Officer Justin Stewart. Plaintiff acknowledges that the names of these individuals became known to him by at least January 19, 2011 when the City identified the officers in its initial disclosure. (Docket #8); see Plaintiff's Attorneys Declaration (Docket # 38) at 3. Defendants argue that the amendment is barred because it falls outside of the statute of limitations period.

"A district court has broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d

6

792, 801 (2d Cir. 2000). Pursuant to 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a pleading should be freely granted, absent a showing of "excessive delay, prejudice to the opposing party, or futility." Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000); accord. Lucente v. Int'l Machs. Bus. Corp., 310 F.3d 243, 258 (2d Cir. 2002). A proposed amendment is futile if it cannot withstand a Rule 12(b)(6) motion to dismiss and/or where the claim is barred by the applicable statute of limitations period. See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000); McKinney v. Eastman Kodak Co., 975 F. Supp. 462, 465 (W.D.N.Y. 1997).

Section 1983 does not provide a specific statute of limitations. Courts in New York have chosen to apply the three year statute of limitations for personal injury actions under New York state law. See Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); N.Y. C.P.L.R. § 214(5) (McKinney 2014). The statutory period "accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).

Here, the three year statute of limitations period began to run on July 31, 2009, the date of the alleged civil rights violations, and ended on July 30, 2012. While plaintiff's original complaint was filed on October 13, 2010, well within the limitations period, his amended complaint identifying the

7

"John Does," was not filed until August 2, 2015, well outside of the three year limitations period. Thus, plaintiff's efforts to amend the "John Doe" defendants is futile unless the allegations "relate back" to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1).

<u>Relation Back and "John Doe" Defendants</u>: In <u>Hogan v. Fischer</u>, the Second Circuit addressed how the use of "John Doe" pleadings impacts statutes of limitations and the applicability of the relation back doctrine. 738 F.3d 509, 517 (2d Cir. 2013). As an initial matter, the Court held:

> Generally, "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." <u>Aslanidis v. U.S. Lines, Inc.</u>, 7 F.3d 1067, 1075 (2d Cir.1993) (internal citations omitted). John Doe substitutions, then, "may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met." <u>Id</u>. Amended pleadings that meet the requirements of Rule 15(c) are considered to "relate back" to the date of the original complaint. <u>See</u> Fed.R.Civ.P. 15(c).

<u>Hogan</u>, 738 F.3d at 517.

The Court then identified two subsections of Rule 15(c)(1) that "arguably" would assist a plaintiff like Terry who failed to timely identify the names of the individual defendants. <u>Id</u>. The Court described the first as "the federal standard for relation back" found in subsection (C) of the Rule. Rule 15(c)(1)(C) provides that an amendment to a pleading relates

8

back to the date of the original pleading when the following requirements are met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

Hogan, 738 F.3d at 517 (quoting Barrow v. Wethersfield Police Department, 66 F.3d 466, 468-69 (2d Cir. 1995)); see Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii). This federal standard permits relation back when a plaintiff is *mistaken* about the identity of a proper party to be sued. However, the Court in Hogan emphasized that the Second Circuit's "interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" Hogan, 738 F.3d at 518 (quoting Barrow, 66 F.3d at 470). Thus, "where the plaintiff knows who the proper party is, just not by name, there is no mistake about identity that will permit relation back under Rule 15(c)." Moran v. Cty. of Suffolk, No. 11 Civ. 3704(PKC)(GRB), 2015 WL 1321685, at *6 (E.D.N.Y. March 24, 2015).

Here, it is undisputed that plaintiff was not mistaken about the identity of who he intended to sue, he just did not

know their names at the time he commenced his lawsuit. Thus, Terry's failure to identify the names of the individual defendants in compliance with Rule 15(c)(1)(C) does not constitute a "mistake" for purposes of relation back. See Barrow, 66 F.3d at 470 ("[F]ailure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."); see also Bender v. City of New York, No. 14 Civ. 4386(LTS)(GWG), 2015 WL 524283, at *3-4 (S.D.N.Y. Feb. 10, 2015) ("[plaintiff] cannot satisfy Rule 15(c)(1)(C)(ii), as the John Doe defendants were unnamed because [plaintiff] did not know their names at the time she filed the complaint; rather, she first learned this information only when the named defendants made their initial disclosures").

The second subsection of Rule 15(c)(1) discussed in Hogan is subsection (A) which allows the amended complaint to relate back so long as "the law that provides the applicable statute of limitations allows relation back." See Fed. R. Civ. P. 15(c)(1)(A). Under subsection (A) the Court must look to applicable state law and, if state law provides a "more forgiving principal of relation back" than the federal standard, a plaintiff is entitled to utilize the state standard. See Hogan, 738 F.3d at 518 (quoting Fed. R. Civ. P. 15, Advisory Comm. Notes 1991). As noted by the Court in Hogan, section 1024 of New York's Civil Practice Law and Rules (CPLR) "creates a

10

special procedure for claims alleged against John Doe defendants," and the procedure provides a more forgiving standard than does the federal relation back standard. Hogan, 738 F.3d at 518. To gain the benefit of section 1024, Terry must show that: (1) he "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant by name"; and (2) he "describe[d] the John Doe party in such form as will fairly apprise the party that he is the intended defendant." Hogan, 738 F.3d at 519 (alteration, citations and internal quotation marks omitted).

Even assuming plaintiff has met the second prong of the section 1024 relation back test, he clearly has not met the first prong. Due diligence "requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations expired." Strada v. City of New York, No. 11-CV-5735(MKB), 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting Justin v. Orshan, 14 A.D.3d 492, 788 N.Y.S.2d 407, 408 (2005)). Plaintiff could have amended the complaint and identified the John Doe defendants as soon as he received the initial disclosure package from defense counsel. His inexplicable failure to do so "cannot satisfy the due diligence requirement of CPLR section 1024." Moran v. Cty of Suffolk, 2015 WL 1321685 at *8. Accordingly, even though CPLR 1024 may, under some circumstances, be "more forgiving" than

11

Rule 15(c)(1)(C), here, neither the federal or the state relation back rules[2] save plaintiff from a determination that his amended complaint does not relate back to the filing of his original complaint. Put simply, the statute of limitations against the John Doe defendants has expired and hence plaintiff's proposed amendments are futile.

Finally, to the extent plaintiff claims that his amended complaint was timely served because Mr. Shukoff agreed to accept service before expiration of the statute of limitations, the hearing testimony simply does not allow the Court to make such a finding. Both Mr. Shukoff and Mr. Ash denied accepting service of an amended complaint in this case and, in particular, Mr. Shukoff testified that he would never accept service of an amended pleading where the amendment sought to substitute individual city employees who had not yet been named as defendants in the pending action. Moreover, Mr. Bressler never filed an amended complaint with the Clerk of Court, never filed proof of service pursuant to Rule 4 of the Federal Rules of Civil Procedure and never sought to have the individual

---

[2] Nor can plaintiff rely on CPLR section 203 which allows claims against new defendants to relate back to timely filed pleadings when, *inter alia*, "the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." Colson v. Haber, No. 13-CV-5394 (JG)(CLP), 2016 WL 236220, at *5 (E.D.N.Y. Jan. 20, 2016) (internal citations omitted). New York Courts have held that the "mistake" requirement in section 203 is to be interpreted in the same way as the mistake requirement found in Rule 15(c)(1)(C). See id. ("not knowing the identity of the John Doe officers does not constitute a "mistake" under C.P.L.R. § 203").

defendants answer his amended complaint. Based on the dearth of corroborating evidence, the Court cannot find that Mr. Bressler properly served Mr. Shukoff with an amended complaint or, more importantly, that Mr. Shukoff ever agreed to accept service of an amended complaint in this action. See Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) ("plaintiff bears the burden of proving adequate service"); see also Fowler v. City of New York, No. 13-CV-2372(KAM)(RML), 2015 WL 9462097, at *4-5 (E.D.N.Y. Dec. 23, 2015) (finding no proper service where plaintiff never filed proof of service for over two and a half years).

II. Defendants' Motion to Dismiss: Based on the failure of plaintiff's counsel to timely name the John Doe defendants, the remaining defendants in this case, the City of Rochester, the Rochester Police Department, and David Moore, move to dismiss the lawsuit. Defendants contend, and plaintiff does not dispute, that plaintiff's Monell claim has been abandoned. See Defendants' Motion to Dismiss (Docket # 40-2) at 5-6; see generally Monell v. City of New York Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (municipal entities have immunity unless (1) the existence of an adopted policy or custom that caused injury and (2) a direct causal connection between that policy or custom and the deprivation of a constitutional right). As such, the claims against the City of Rochester, the Rochester Police

13

Department, and Police Chief David Moore are **dismissed**. See Morales v. Rooney, 509 F. App'x 9, 11 (2d Cir. 2013) (deeming Monell claim abandoned because plaintiff offered no arguments in support); Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 392-93 (S.D.N.Y. 2013) (stating that a court may deem a 1983 Monell claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed).

### Conclusion

Based on the foregoing, there remain no proper defendants in this case. Accordingly, the defendants' motion to dismiss the complaint is **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 22, 2016
         Rochester, New York